IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AMERISOURCEBERGEN DRUG CORPORATION, a Delaware corporation, sometimes doing business as AMERISOURCE CORPORATION,**

    **Plaintiff,**

    vs.                                    **CIVIL ACTION NO. 2:04 CV 58**
                                                       **(MAXWELL)**

**JAMES S. BURKS, individually, and doing business as POCAHONTAS PHARMACY,**

    **Defendant.**

## ORDER

By Order entered July 11, 2005 (*See* Docket No. 38), the Court referred the following Motions to United States Magistrate Judge John S. Kaull pursuant to 28 U.S.C. §§ 636(b)(1)(3), Rule 72 of the Federal Rules of Civil Procedure, and Rule 7.02(c) of the Local Rules of Civil Procedure:

    1.    Motion Of The Defendant For Relief From Judgments (Docket No. 28); and

    2.    Motion Of The Defendant, James S. Burks, For Stay Of Execution (Docket No. 30)

Hearings with regard to the aforementioned Motions were conducted by Magistrate Judge Kaull with the final hearing being conducted on December 13, 2005, at which time Magistrate Judge Kaull received sworn testimony from the Plaintiff's former attorney, Anthony Tatano, and from the Defendant, James Sherman Burks, and

heard oral argument from counsel for the parties.

On December 20, 2005, Magistrate Judge Kaull entered an Opinion/Report And Recommendation (*See* Docket No. 44) in the above-styled civil action, wherein he made the following recommendations:

1. Motion Of The Defendant For Relief From Judgments (Docket No. 28) be granted and that the following judgments be set aside and the Defendant relieved therefrom:

    a. November 2, 2004, Order Granting Plaintiff, Amerisource Bergen Drug Corporations, Motion For Judgment On The Pleadings (Docket No. 6);

    b. Judgment In A Civil Case entered by Clerk of Court on November 2, 2004 (Docket No. 7)

    c. February 2, 2005, Order Granting Motion For Award Of Money Damages Based Upon Judgment Entered (Docket No. 9);

    d. Judgment In A Civil Case entered by the Clerk of Court on February 2, 2005 (Docket No. 10);

2. A Scheduling Order be entered in the above-styled civil action;

3. The reasonable costs incurred by the Plaintiff in pursing judgment in the above-styled civil action be determined and, after giving Attorney Anthony Tatano the opportunity to be heard thereon, be assessed as sanctions against Attorney Anthony Tatano;

4. Motion Of The Defendant, James S. Burks, For Stay Of Execution (Docket No. 30) be granted;

5. Motion Directing Payment Of Funds Held Pursuant To Writ Of Execution (Docket No. 22) be denied.

Magistrate Judge Kaull's Opinion/Report and Recommendation expressly advised the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections to said Opinion/Report And Recommendation within ten (10) days after being served with a copy of the same.

The Court's review of the docket in the above-styled civil action reveals that no objections to Magistrate Judge Kaull's December 20, 2005, Opinion/Report and Recommendation have been filed and that this matter is now ripe for review.

Upon consideration of said Opinion/Report and Recommendation, and having received no written objections thereto[1], the Court accepts and approves the Opinion/Report And Recommendation. Therefore, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge John S. Kaull on December 20, 2005 (Docket No. 44), be, and the same hereby is, **ACCEPTED** in whole. Accordingly, it is

**ORDERED** that the Motion Of The Defendant For Relief From Judgments (Docket No. 28) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the following judgments be, and the same are hereby, **VACATED AND SET ASIDE**:

  a. November 2, 2004, Order Granting Plaintiff, Amerisource Bergen

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

    Drug Corporations, Motion For Judgment On The Pleadings

    (Docket No. 6);

  b. Judgment In A Civil Case entered by Clerk of Court on November

    2, 2004 (Docket No. 7)

  c. February 2, 2005, Order Granting Motion For Award Of Money

    Damages Based Upon Judgment Entered (Docket No. 9);

  d. Judgment In A Civil Case entered by the Clerk of Court on

    February 2, 2005 (Docket No. 10).

It is further

  **ORDERED** that the Motion Of The Defendant, James S. Burks, For Stay Of Execution (Docket No. 30) be, and the same is hereby, **GRANTED**.  It is further

  **ORDERED** that the Motion Directing Payment Of Funds Held Pursuant To Writ Of Execution (Docket No. 22) be, and the same is hereby, **DENIED**.  It is further

  **ORDERED** that counsel for the Plaintiff shall, **within thirty (30) days from the date of entry of this Order**, file with the Court an itemization of the reasonable costs incurred by the Plaintiff in pursing the judgments vacated and set aside by this Order. Upon receipt of the itemization of the Plaintiff's costs, Attorney Anthony Tatano will be given the opportunity to be heard with regard to why said costs should not be assessed as sanctions against him.  It is further

  **ORDERED** that the Court will, by separate Order, establish a Scheduling Order in the above-styled civil action.

The Clerk of Court is directed to transmit copies of this Order to counsel of record.

**ENTER:** February  10 , 2006

                                                     /S/ Robert E. Maxwell
                                                  United States District Judge