**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**AMERISOURCEBERGEN DRUG CORPORATION,**
**a Delaware corporation, sometimes**
**doing business as AMERISOURCE CORPORATION,**

       **Plaintiff,**

**v.**                              **Civil Action No.: 2:04CV58**

**JAMES S. BURKS,**
**individually, and doing business as**
**POCAHONTAS PHARMACY,**

       **Defendant.**

## OPINION/ORDER

This matter is before the undersigned United States Magistrate Judge pursuant to "Plaintiff's Motion to Compel Production of Documents" [DE 64]. Defendant did not file any response to the Motion.

This is a collection action. Plaintiff is in the business of supplying pharmaceutical products to Pharmacies. Defendant owns and operates Pocahontas Pharmacy. Plaintiff alleges that it supplied Defendant with pharmaceutical products over a period of time which were not paid for by Plaintiff.

Plaintiff filed suit on account against Defendant on August 16, 2004. Defendant by counsel, filed an answer to Plaintiff's complaint on September 16, 2004. On September 27, 2004 Plaintiff filed its Motion For Judgment on the Pleadings. Defendant did not respond. On November 2, 2004 the Clerk issued a Judgment Order in favor of Plaintiff against Defendant. No appeal was taken. On December 20, 2004 Plaintiff filed for Award of Money Damages. No response was filed. On February 2, 2005 the Court granted Plaintiff's Motion for an Award of Money damages. On February 2, 2005 the Clerk issued a judgment order for Plaintiff in the sum of $349,440.51 against

Defendant.  Defendant did not file a motion for reconsideration or an appeal of the judgment.  On April 28, 2005 Plaintiff requested the Clerk issue abstracts of judgment and a writ of execution.  The requested writ of execution was issued May 6, 2005 and served on Defendant on May 18, 2005.  On May 25, Plaintiff filed its motion to direct payment of funds pursuant to the writ of execution.  By order dated May 27, 2005, Defendant was given 15 days within which to respond or object to Plaintiff's motion to direct payment of the suggested funds held pursuant to the writ of execution.  On May 26, 2006 Defendant submitted to a Rule 69 Debtor Examination.  On June 10, 2005 Defendant filed his objection to Plaintiff's motion to direct payment of the suggested funds.  On June 13, 2005 Defendant filed a motion for relief from judgment [Docket Entry 28].

On December 20, 2005, the undersigned United States Magistrate Judge entered an Opinion/Report and Recommendation recommending to the District Judge that Defendant's Motion for Relief from Judgment be granted.  On February 10, 2006, United States District Judge Robert E. Maxwell entered an Order accepting the Report and Recommendation and granting Defendant's Motion for Relief from Judgment.

On or about March 22, 2006, Plaintiff served Defendant with Plaintiff's First Request for Production of Documents.  Defendant did not respond to the Requests within the time required by F.R.C.P. 34.  Plaintiff's counsel contacted Defendant's counsel, Gregory Schillace, to inquire as to when the requested documents would be forthcoming.  Defendant's counsel advised that his client was not required to respond to any discovery requests until after the parties had concluded the meeting required by F.R.C.P. 26(f) and LR Civ. P. 16.01(b).

The parties conducted their Rule 26(f) planning meeting on April 24, 2006, and filed a Meeting Report and Proposed Discovery Plan with the Court on May 2, 2006.  The Court issued a Scheduling Order on May 3, 2006.  The Scheduling Order set various deadlines, including a

discovery deadline of October 20, 2006. Despite numerous requests by Plaintiff, Defendant has still not responded to Plaintiff's Requests for Production. Plaintiff asserts it requires the responses and documents requested to prepare Interrogatories and to prepare for trial.

Federal Rule of Civil Procedure 26(d) prohibits a party from seeking discovery before the parties have conferred as required by Rule 26(f). Plaintiff violated this rule by serving its document requests on Defendant on March 22, 2006, one month before the Rule 26(f) planning meeting. The undersigned therefore finds Defendant was not required to respond to the Requests as made prior to the 26(f) meeting. Further, Plaintiff has cited no rule or case law, and the undersigned could find none within the Fourth Circuit, that would have required Defendant to automatically respond to the premature requests after the Rule 26(f) meeting. Plaintiff's Motion to Compel [DE 64] is therefore **DENIED without prejudice**.

The Court, however, is admittedly disappointed and frustrated with the need for its intervention in this matter. Counsel for Defendant would be well-advised to consider that it is only through the Court's Order vacating its own judgment in this case, that Defendant has the opportunity to litigate this matter. The Complaint in this case was originally filed more than two years ago. Plaintiff then legitimately won its case and had only to collect its judgment. That judgment was vacated solely based on Defendant's claim that he had never filed any responses to Plaintiff's Motions because his counsel did not receive the motions or the Court's Orders concerning the Motions. The Court noted that it was "incredible" that Defendant's counsel "failed to receive five separate documents from at least 2 separate sources all mailed to him at his home and functioning address." See R&R [DE 44]. The Court, however, also found that "counsel's iniquity (fault) must not be visited on his client in the absence of knowledge or collusion [and that] [t]here [was] no such evidence in this case." Despite the Court's finding and ultimate Order, there is no disputing that

Defendant (through his counsel) was entirely at fault for the lack of due diligence.  It is further undisputed that Plaintiff was stripped of its judgment through no fault of its own.

The Court also notes that, in it's R&R, it found that in stripping Plaintiff of its judgment, the Court "perceive[d] no disadvantage to Amerisourcebergen 'beyond that suffered by any party which loses a quick victory.'" The Court therefore found that vacating the judgment for Plaintiff was not unfairly prejudicial to Plaintiff.

Now, however, more than two years after Plaintiff filed its Complaint in this matter, Defendant has refused to respond to the discovery requests because they were filed in violation of 26(d).  Defendant's counsel could have, in a show of good faith, responded to the premature requests, or agreed to treat the requests as served after the planning meeting.  Instead,  Defendant has failed to even to even respond to the Motion to Compel itself.  A review of the Docket indicates that, since the Scheduling Order was entered on May 3, 2006, Defendant has filed only his Initial Disclosures and a Certificate of Service reflecting that he served Responses to Requests for Admission on Defendant.  With five weeks left until the discovery deadline, Defendant has apparently served no discovery requests and filed no motions.

In fairness to Plaintiff, and in an effort to move this matter along, the undersigned **ORDERS** the following pursuant to its discretion under F.R.C.P. 26:

• Plaintiff shall <u>not</u> be required to re-serve its "First Request for Production of Documents." Instead, the Requests shall be treated for all intents and purposes as if served on the date of Entry of this Order.

• Defendant shall serve his responses to the Requests within **<u>fifteen (15) calendar days</u>** from Entry of this Order.  Defendant shall file a Certificate of Service reflecting the service of said responses.

- Plaintiff shall file any Motion to Compel it deems necessary within **twenty (20) calendar days** of receipt of Defendants' Responses, paying particular attention to the requirements under the Federal and Local Rules, especially the requirement of a personal or telephonic "meet and confer" prior to the filing of any such motion. Should, however, Defendant fail to file <u>any</u> Responses in the time allotted by the Court, Plaintiff shall file its Motion to Compel **within five (5) calendar days** of the date the responses were due.

- Discovery is extended by this Order only as regards "Plaintiffs' First Request for Production of Documents." For all other purposes, the discovery deadline remains October 20, 2006. Plaintiff may request an extension of the deadline solely for purposes of conducting discovery it deems necessary based on the responses it receives from Defendant to the outstanding Requests. Any such request for extension must be filed and served and must contain the reasons Plaintiff believes the extension is necessary, before October 20, 2006. No other extensions shall be granted. The dispositive motions deadline remains November 10, 2006, unless further ordered by the Court.

- For docketing purposes only, Plaintiff's Motion to compel Production of Documents [D.E. 64] is **DENIED without prejudice**.

It is so **ORDERED**.


Dated: September 18, 2006.


/s *John S. Kaull*


JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE