IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AMERISOURCEBERGEN DRUG CORPORATION,**
**a Delaware corporation, sometimes**
**doing business as AMERISOURCE CORPORATION,**

                              **Plaintiff,**

v.                                                      Civil Action No.: 2:04CV58

**JAMES S. BURKS,**
**individually, and doing business as**
**POCAHONTAS PHARMACY,**

                              **Defendant.**

## OPINION/ORDER

This matter is before the undersigned United States Magistrate Judge pursuant to Defendant's "Motion to Quash and for a Protective Order Regarding the October 20, 2006 Deposition of James S. Burke" [DE 72]; Plaintiffs' "Motion to Quash and for Protective Order Regarding the October 27, 2006 Deposition of Amerisourcebergen's 30(b)(6) Representative;" and Plaintiff's "Motion to Compel Answers to Interrogatories and Extend Discovery Deadline" [Both Docket Entry 74].

The Court again notes that this case was reopened by Order of United States District Judge Robert E. Maxwell on February 10, 2006. Judge Maxwell entered a Scheduling Order on May 3, 2006, setting various deadlines, including a discovery deadline of October 20, 2006. Paragraph (2) of the Scheduling Order provides, in pertinent part:

> Discovery shall be fully completed by **October 20, 2006.** "Completed" means that all objections, motions to compel, and all other motions and replies relating to discovery in this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses.

On September 18, 2006, the Court Ordered Defendant to respond to Plaintiff's First Request for Production of Documents. The Court in that Order made specific reference to the fact that, since the Scheduling Order was entered on May 3, 2006, Defendant had filed only his Initial Disclosures and a Certificate of Service reflecting that he served Responses to Requests for Admission on Defendant, and with only five weeks remaining until the discovery deadline, Defendant had apparently served no discovery requests and filed no motions. On October 19, 2006, the Court Granted in part Defendant's Motion to Quash. In that Order the Court observed that a review of the docket sheet indicated that, after the First Request for Production of Documents, served in March 2006, and a Request for Admissions served July 14, 2006, Plaintiffs did not request any discovery from Defendant until September 21, 2006, when they served their "First Set of Interrogatories" on Defendant. The first Notice of Deposition served by Plaintiffs found in the docket sheet was served on October 16, 2006, only four days before the close of discovery.

Once again, the Court was adamant, in its September 18, 2006, Order, that discovery would <u>not</u> be extended beyond the October 20, 2006, date, providing as follows:

> Discovery is extended by this Order only as regards "Plaintiffs' First Request for Production of Documents." For all other purposes, the discovery deadline remains October 20, 2006. Plaintiff may request an extension of the deadline solely for purposes of conducting discovery it deems necessary based on the responses it received from Defendant to the outstanding Requests. Any such request for extension <u>must be filed and served and must contain the reasons Plaintiff believes the extension is necessary,</u> **before** October 20, 2006. No other extensions shall be granted. The dispositive motions deadline remains November 10, 2006, unless further ordered by the Court.

The Docket Sheet shows the following activity since the date of the above Order:

On September 20, 2006, Defendant served his Notice of Deposition and Production of Documents on Plaintiff [Docket Entry 67]. According to counsel, this deposition of Plaintiff's 30(b)(6) designee was to take place on October 20, 2006.

On September 21, 2006, Plaintiff served its "First Set of Interrogatories Addressed to the Defendants" [Docket Entry 68].

On October 3, 2006, Defendant filed a Certificate of Service indicating he had responded to Plaintiffs' First Request for Production of Documents [Docket Entry 69].

On October 12, 2006, Defendant filed a Certificate of Service indicating he had served an Amended Notice of Deposition and Production of Documents to Amerisourcebergen Drug Corporation [Docket Entry 70]. According to counsel, the amended notice reset the 30(b)(6) designee's deposition to October 27, 2006, by agreement of both parties.

On October 16, 2006, Plaintiff filed a Certificate of Service indicating it had served a Notice of Deposition of Defendant [Docket Entry 71]. The Notice was dated October 16, 2006, was for a deposition to be taken on October 20, 2006.

On October 18, 2006, Defendant filed his Motion to Quash the Notice of Deposition [Docket Entry 72].

On October 19, 2006, the Court Granted Defendant's Motion to Quash the October 20, 2006, deposition, as having provided insufficient time under the F. R. Civ. P. [Docket Entry 73].

The Court notes there was no Motion for Extension of Discovery filed by Plaintiff <u>before</u> October 20, 2006, as directed in the Court's September 18, 2006, Order. The Motion was instead filed at 4:59 p.m. on October 20, 2006.

On October 20, 2006, Plaintiff filed its "Motion to Quash and for Protective Order Regarding the October 27, 2006, Deposition of Amerisourcebergen's 30(b)(6) Representative;" "Motion to Compel Answers to Interrogatories and to Extend Discovery;" and "Response to Defendant's Motion to Quash and for Protective Order Regarding the October 20, 2006, Deposition of James S. Burks" [Docket Entry 74].

  At the hearing on the issues before the Court counsel for Plaintiff represented that he had spoken by telephone with counsel for Defendant on October 11, 2006, to discuss changing Plaintiff's 30(b)(6) designee's deposition from October 20 to October 27, 2006 to accommodate travel of the witness and out of town lead counsel. Counsel for Plaintiff recalls discussing at that time arranging for Defendant's deposition to be taken the same day. Counsel for Defendant stated at the hearing that he has no recollection of that part of the discussion and that, if it had taken place he would not have outright agreed to it without first consulting with his client. Counsel for Defendant further stated that he did discuss with his client the possibility of extending discovery, but Defendant was unwilling to extend discovery for any purpose other than the taking the deposition of Plaintiff's

Rule 30(b)(6) designee.

The Court finds counsel for Plaintiff's representation that he discussed, on October 11, 2006, taking Defendant's deposition on the 27th with counsel for Defendant reasonable. The Court further finds the request itself, that both depositions be taken the same day, reasonable. Lead counsel for Plaintiff is located out of state, and combining the two depositions makes sense for all concerned, especially in these days of high gas prices and calls to conserve resources. The Court finds Defendant's unwillingness to extend discovery one week to accomplish both depositions at one time not reasonable under the circumstances.

The Court therefore **GRANTS** Plaintiff's Motion to Extend Discovery Deadline [Docket Entry 74], for the sole purpose of taking the depositions of Plaintiff's Rule 30(b)(6) designee and Defendant. The Court further Orders that Plaintiff's Rule 30(b)(6) designee will be deposed on October 27, 2006, beginning at 9:00 a.m., and Defendant James Burkes will be deposed on October 27, 2006, beginning at 2:00 p.m. Each deposition is limited to eight hours. Should the Rule 30(b)(6) deposition last past the 2:00 p.m. start of Defendant's deposition, Defendant's deposition shall be taken as soon as possible following the conclusion of that deposition. In any case, both depositions shall be concluded on or before the end of the day on October 28, 2006. This Order does not in any way affect any other deadline, including the dispositive motion deadline of November 10, 2006, as set forth in the Court's Scheduling Order.

Plaintiff's Motion to Compel Answers to Interrogatories [Docket Entry 74] is **DENIED** as untimely.[1]

---

[1] Much of what Plaintiff sought by way of the untimely discovery was documentation that Defendant would use at trial to establish his defense of payment. Plaintiff is concerned that Defendant would produce documents not heretofore disclosed in discovery to support his defense, thereby "blind siding" Plaintiff at trial. The Court, recognizing the concerns of Plaintiff, conducted the inquiry noted in footnote 2 hereof.

Plaintiff's Motion to Quash and Motion for Protective Order Regarding the Deposition of Amerisourcebergen's Rule 30(b)(6) Representative [Docket Entry 74] is **DENIED**.

Defendant's Motion for Protective Order regarding the taking of his deposition past October 20, 2006 [Docket Entry 72] is **DENIED**.

Defendant's Motion to Compel Plaintiff to comply with the Amended Notice of Deposition [Docket Entry 72] is **GRANTED**.

The Court further Orders that any documents not **heretofore** produced to Plaintiff by Defendant shall not be permitted for use by Defendant either in dispositive motions or at trial in this matter.[2]

For docketing purposes only, Docket Entry 72 is Denied in Part and Granted in Part. Docket Entry 74 is also Denied in Part and Granted in Part.

The Clerk is directed to send a copy of this Order/Opinion to all counsel of record.

It is so **ORDERED**.

Dated: October 24, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court asked counsel for Defendant if all documents Defendant intended to introduce at trial to establish his defenses to the claims of Plaintiff and particularly that he had paid Plaintiff all or a portion of the account claimed owed had already been produced to Plaintiff. Counsel for Defendant represented that Defendant had no other documentation to use to support his defense in this action other than what had already been produced. Counsel for Defendant represented that his statement as counsel in this regard was binding on Defendant.